LAURA E. THAYER, APPELLANT, v. STEPHEN GILE, RESPONDENT.

*Pleading — what allegations establish a cause of action for conversion.*

A complaint alleging, in substance — that on the 17th day of March, 1886, the plaintiff, as tenant in common with the defendant, was in the possession of a quantity of hay, and that the defendant, claiming to be the absolute owner thereof, then wholly converted the same to his own use, to the plaintiff's damage — states facts constituting a cause of action, and requires that a demurrer interposed thereto, upon the ground of its failure to state facts constituting a cause of action, be overruled.

APPEAL from a judgment entered in Columbia county, sustaining a demurrer interposed to the complaint, on the ground that it did not state facts constituting a cause of action, and from the order upon which the said judgment was entered.

The complaint states, in substance, that on and after October 1, 1885, the plaintiff was a tenant in common with the defendant in some forty or fifty tons of hay, which were then in the possession of plaintiff in the buildings on defendant's farm; that the defendant subsequently fed up and used up some portion of said hay; that on or about March 17, 1886, plaintiff asked for a division and for the one-half of the remaining portion of said hay, and "defendant refused to make such division, and refused the possession of any portion of said hay to plaintiff, and then and there claimed that the plaintiff had no interest in said hay, and that he, defendant, was the entire and absolute owner of said hay, and otherwise converted the same to his own use to the damage of plaintiff in the sum of three hundred dollars." The defendant demurred to the complaint on the ground that the complaint did not state facts sufficient to constitute a cause of action against the defendant.

*W. H. Silvernail*, for the appellant.

*Nathaniel C. Moak*, for the respondent.

LANDON, J.

This complaint is very crudely drawn. It is redundant in statement of immaterial matters, and it lacks definiteness and certainty with respect to material matters. Nevertheless, it states in substance: that on the 17th of March, 1886, the plaintiff, as tenant in common with the defendant, was in possession of a quantity of hay (what was remaining of forty tons), which the defendant then wholly converted to his own use, to plaintiff's damage, etc.

How large a quantity, what share the plaintiff owned, and its value, are left uncertain. Still, since the defendant converted it all, he converted the plaintiff's share, and thus injured her to the extent of its value. There is an immaterial allegation of a demand of one half, but that is not an allegation that the plaintiff owned one half; also of a division, but the plaintiff could take her own share without demand of the defendant.

The material allegation is, the defendant's conversion. It is still good pleading to state facts according to their legal effect, unless the pleader so narrates the facts as to show that he has mistaken their legal effect, which is not quite the case here. Thus, it was not necessary for the plaintiff to allege the details from which her tenancy in common, or possession, or the conversion by the defendant would follow as their legal effect. These details are rather in the nature of the evidence, to be adduced upon the trial to support these three allegations.

A complaint must contain a plain and concise statement of the facts. No statement can be plainer or more concise than the statement that the defendant converted the plaintiff's hay. If the plaintiff gave a narrative of all the acts performed by the defendant in order to accomplish this conversion, it might be far from plain whether any conversion was in fact accomplished. The details of the transaction may very much obscure the fact of conversion.

Since the share of the plaintiff is not stated, it may be, that in order to establish conversion, the plaintiff will have to prove the loss, sale or destruction of the entire hay. (*Lobdell* v. *Stowell*, 51

N. Y., 70; *Osborn* v. *Schenck*, 83 id., 201; *Dear* v. *Reed*, 37 Hun, 594.) By using the word " converted " the plaintiff has concisely condensed in a single word the notice to the defendant that whatever it may be necessary to prove she intends to prove it.

It is objected that the allegation of conversion is a conclusion of law and not of fact. Ordinarily, the narration of a transaction, whether by stating all the details of it or by stating these details according to their legal effect, is the narration of a fact. A statement of a conclusion of law is usually a statement of the right or liability flowing from certain facts.

Thus, A lent B a dollar is the fact, B owes A a dollar is the law. A converted B's hay is a fact; B's liability to A, the law. But from a given state of facts the law will pronounce that A converted B's hay. Is the statement of the conversion, therefore, the statement of a conclusion of law? It is rather the statement of a fact, ascertained by the rules of law. From the facts given, the law presumes the fact required, but the presumption is only a rule of evidence, and, by the application of that rule, the fact required is determined. The rule of evidence, by which the fact sought is found, is not the fact itself. The rule is the instrument or help through which the fact sought is discovered. If the rule is called a conclusion of law, then, by means of the conclusion of law, the conclusion of fact is established.

Judgment reversed, with costs of appeal and of court below. The defendant may have usual leave to answer.

LEARNED, P. J., and BOCKES, J., concurred.

So ordered.